UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAETAN PELLETIER,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE; ROSEMARY TRIZZINO; CHIA CHANG AND KEITH KAWAMOTO,<br><br>                    Defendants. | Case No.: 20cv1805-GPC(DEB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Dkt. Nos. 12, 15.] |

    Before the Court is Defendants' fully briefed motion to set aside default, (Dkt. Nos. 12, 18, 26), and Plaintiff's motion for default judgment with an opposition filed by Defendants. (Dkt. No 15, 25.) Based on the reasoning below, the Court GRANTS Defendants' motion to set aside default and DENIES Plaintiff's motion for default judgment as MOOT.

## Background

    On September 14, 2020, Plaintiff Gaetan Pelletier ("Plaintiff" or "Pelletier") proceeding pro se, filed a complaint against Defendants United States of America and the Internal Revenue Service ("IRS"). (Dkt. No. 1, Compl.) He then filed a first amended complaint ("FAC") on October 5, 2020 adding individual named defendants Rosemary

1

Trizzino ("Trizzino"), Keith Kawamoto ("Kawamoto"), and Chia Chang ("Chang") (collectively "Defendants"), employees of the IRS involved in the tax audit of Plaintiff. (Dkt. No. 4.)  Summons returned executed were filed on October 13 and 14, 2020 on the three individual defendants. (Dkt. Nos. 6, 7, 8.)  On November 3, 2020, because no response had yet been filed by the three individual defendants, Plaintiff filed a motion for default against them. (Dkt. No. 9.)  On that day, the Clerk of Court entered default against Chia Chang, Keith Kawamoto, and Rosemary Trizzino. (Dkt. No. 10.)  On November 13, 2020, Defendants filed the instant motion to set aside the default which is fully briefed. (Dkt. Nos. 12, 18, 26.)   On November 10, 2020, Plaintiff filed a motion for default judgment and Defendants filed an opposition. (Dkt. Nos. 15, 25.)

        The FAC alleges that the IRS is conducting an tax audit of Plaintiff and his wife's personal 1040 tax years for 2015-2018 which is in violation of the Taxpayers Bill of Rights of 1987 and a number of statutory violations. (Dkt. No. 4, FAC ¶¶ 1-2.)  He maintains Chang, Kawamoto and Trizzino, three employees of the IRS, who were involved in his audit, violated their fiduciary duties giving rise to a contract or implied contract which is the Constitution. (*Id.* ¶ 2.)  The FAC alleges breach of contract against all defendants except Chang, (*id.* ¶¶ 39-43); breach of fiduciary implied contract against all defendants except the IRS, (*id.* ¶¶ 44-47); negligence against all defendants, (*id.* ¶¶ 48-52); emotional distress against Chang, Kawamoto and Trizzino, (*id.* ¶¶ 53-58); civil conspiracy against Chang, Kawamoto and Trizzino, (*id.* ¶¶ 59-64); and declaratory judgment, (*id.* ¶¶ 65-71).  Plaintiff seeks injunctive and declaratory relief as well as monetary damages. (*Id.* at 23, 24.[1])

///
///
///

---

[1] Page numbers are based on the CM/ECF pagination.

## Discussion

### A. Motion to Set Aside Default

The court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Three factors govern the inquiry into "good cause" under Federal Rule of Civil Procedure ("Rule") 55(c). *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "Those factors, which courts consistently refer to as the *Falk* factors, are: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citing *Falk,* 739 F.2d at 463). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091. A court's discretion to set aside a default is "especially broad" where party seeks to set aside a default and not default judgment. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

#### 1. Culpable Conduct

Defendants argue that they did not engage in culpable conduct by not responding but contend the time to respond to the complaint had not yet expired as they had 60 days to respond after service. (Dkt. No. 12-1 at 6.) Plaintiff responds that because Chang, Trizzino and Kawamoto are being sued in their own individual capacity, the 21 day service rule applies and not the 60 day service rule. (Dkt. No. 18 at 3-4.)

Plaintiff is incorrect. A United States employee sued in his or her official capacity or his or her individual capacity has 60 days after service to respond to the complaint.

Fed. R. Civ. P. 12(a)(2) & (3)². Therefore, Chang, Trizzino and Kawamoto had 60 days to respond to the complaint. According to the summons returned executed, Defendants were served on October 7, 2020 and had 60 days until December 7, 2020 to file a response. Therefore, the default entered by the Clerk of Court on November 3, 2020 was in error and Defendants have shown they are not culpable for the default entered.

### 2. Meritorious Defense

Next, Defendants argue they have at least three meritorious defenses that the FAC should be dismissed under Rule 12(b)(1), Rule 12(b)(5) and Rule 12(b)(6).

While the movant must present specific facts that would constitute a defense, the burden on the party seeking to set aside the default is not extraordinarily heavy. *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Id.* (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001)). The underlying reason for this factor is to "determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. . . [a] party in default thus is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

---

² "(2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an *official capacity* must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.
(3) United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an *individual capacity* for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later."
Fed. R. Civ. P. 12(a)(2) & (3) (emphasis added).

Defendants argue that the complaint is subject to dismissal under Rule 12(b)(5) for insufficient service of process because Plaintiff failed to comply with Rule 4(i)(3), Rule 4 and Rule 4(i)(1) and violated Rule 4(c)(2). Plaintiff does not dispute the application of Rule 4 but instead argues that he relied on past litigation in this court where the defendant orally agreed to accept service of summons in open court and he was directed to personally walk over to the U.S. attorney's office to effect service; therefore, he assumed he could personally serve the defendants. (Dkt. No. 18 at 10.)

First, service may be made by "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Here, Plaintiff as a party to the litigation improperly served the summons and complaint. (Dkt. Nos. 7-9.)

Second, in order to serve a United States employee sued individually as the FAC alleges, Plaintiff must comply with Rule 4(e)[3] and Rule 4(i)(1). Fed. R. Civ. P. 4(i)(3)[4].

Rule 4(i)(1) provides the following:

> Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> (1) United States. To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant

---

[3] "(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

[4] "(3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

>United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Here, the summons returned executed states that Plaintiff personally served a "Colla Williams" on October 7, 2020 which does not comply with Rule 4(c)(2) because Plaintiff personally served the complaint and summons and Rule 4(i)[5] because it is not clear where Colla Williams was served and whether she is "clerical employee whom the United States attorney designate[d] in a writing filed with the court clerk. *See* Fed. R. Civ. P. 4(i)(1).

In response, Plaintiff improperly relies on how service was effectuated in a prior case to explain his method of service in this case. In a prior case, the counsel for the United States agreed to accept service of the summons on behalf of the Attorney General while they were before the district court in a court hearing on November 12, 2014. (*See* Case No. 14cv2216-BTM-RBB (S.D. Cal., Dkt. No. 8.) The court also ordered that "while the Court finds that service of process was effected on the Attorney General during the November 12, 2014 hearing, Petitioner must still perfect service over the United States Attorney for this district in compliance with Federal Rule of Civil Procedure 4(i) and file proof of service with the Court within 10 days of the filing of this Order to maintain this proceeding." (*Id.*)

---

[5] Defendants argue that Colla Williams works at 880 Front Street, not 333 West Broadway, where she was served and is not in charge of the office where the defendants work which fails to comply with California Code of Civil Procedure 415.20.

While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint", there must be "substantial compliance with Rule 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988).  Plaintiff cannot rely on how service was rendered in another case with a distinct procedural posture to support service in this case.  Here, Defendants have not agreed to waive service; therefore, Plaintiff must comply with the service requirements under the Federal Rules of Civil Procedure.  Accordingly, Defendants have demonstrated a meritorious defense exists for lack of insufficient service of process.

Defendants next contend that the complaint is subject to dismissal under the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (the "DJA"), and the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction. (Dkt. No. 12-1 at 7-10.)  Plaintiff opposes arguing that sovereign immunity does not apply to the Defendants as he is suing them in their personal capacities.

The FAC seeks injunctive and declaratory relief against Defendants seeking to terminate an IRS audit of Plaintiff's federal tax returns.  The AIA provides that with certain statutory exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  The AIA exists to "permit the United States to assess and collect taxes alleged to be due without judicial intervention."  *Enochs v. Williams Packing & Nav. Co.,* 370 U.S. 1, 7 (1962).  And a "district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act."  *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990).  The DJA also specifically excludes its application to relief sought related to federal taxes.  *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . .").  The DJA's exclusion, is "at least as broad" as the AIA.  *California v. Regan*, 641 F.2d 721, 723 (9th Cir. 1983).

Moreover, the FTCA's waiver of sovereign immunity does not extend to any "claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c).

Here, because Plaintiff seeks to enjoin and challenge the IRS' audit of his federal tax returns, Defendants have demonstrated they have a meritorious defense under the AIA, DJA and FTCA. While the parties dispute the merits of these defenses in their briefs, on a motion to set aside default, the Court is limited to determining whether a meritorious defense exists based on the facts alleged and not a determination of whether they apply.[6] *See Mesle*, 615 F.3d at 1094. Therefore, Defendants have raised meritorious defenses.[7]

### 3. Prejudice to Plaintiff

Finally, Defendants assert that Plaintiff will suffer no prejudice because default was wrongly entered against those who were not properly served. Plaintiff does not address this factor.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle,* 615 F.3d at 1095 (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 701). "The standard is whether his ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. Here, there is no indication that Plaintiff will be prejudiced. Accordingly, because all three factors support setting aside the default, the Court GRANTS Defendants' motion to set aside default as to Defendants Chang, Trizzino and Kawamoto.

/ / /

---

[6] Defendants also argue that the first two counts for breach of contract and "breach of fiduciary implied contract" claims fail for lack of subject matter jurisdiction and fail to state a claim because no facts are established that there was a contract formed. (Dkt. No. 12-1 at 10.) Plaintiff does not address this argument. Because this argument is unopposed, this also provides an additional reason that Defendants have shown the existence of a meritorious defense.

[7] The Court and Defendants also note that in his opposition, Plaintiff raises claims for violations of his constitutional rights that are not alleged in the FAC and therefore, may not be considered. (Dkt. No. 18 at 3-9.)

8

20cv1805-GPC(DEB)

Moreover, the FTCA's waiver of sovereign immunity does not extend to any "claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c).

Here, because Plaintiff seeks to enjoin and challenge the IRS' audit of his federal tax returns, Defendants have demonstrated they have a meritorious defense under the AIA, DJA and FTCA. While the parties dispute the merits of these defenses in their briefs, on a motion to set aside default, the Court is limited to determining whether a meritorious defense exists based on the facts alleged and not a determination of whether they apply.[6] *See Mesle*, 615 F.3d at 1094. Therefore, Defendants have raised meritorious defenses.[7]

### 3. Prejudice to Plaintiff

Finally, Defendants assert that Plaintiff will suffer no prejudice because default was wrongly entered against those who were not properly served. Plaintiff does not address this factor.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle,* 615 F.3d at 1095 (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 701). "The standard is whether his ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. Here, there is no indication that Plaintiff will be prejudiced. Accordingly, because all three factors support setting aside the default, the Court GRANTS Defendants' motion to set aside default as to Defendants Chang, Trizzino and Kawamoto.

/ / /

---

[6] Defendants also argue that the first two counts for breach of contract and "breach of fiduciary implied contract" claims fail for lack of subject matter jurisdiction and fail to state a claim because no facts are established that there was a contract formed. (Dkt. No. 12-1 at 10.) Plaintiff does not address this argument. Because this argument is unopposed, this also provides an additional reason that Defendants have shown the existence of a meritorious defense.

[7] The Court and Defendants also note that in his opposition, Plaintiff raises claims for violations of his constitutional rights that are not alleged in the FAC and therefore, may not be considered. (Dkt. No. 18 at 3-9.)

**Conclusion**

Based on the reasoning above, the Court GRANTS Defendants' motion to set aside entry of default and DENIES Plaintiff's motion for default judgment as MOOT.  The Clerk of Court shall vacate the entry of default against Defendants Chang, Trizzino and Kawamoto.  Plaintiff is directed to serve Defendants in accordance with Rule 4 within 20 days of the Court's order.  The hearing set on January 22, 2021 shall be **vacated.**

IT IS SO ORDERED.

Dated:  January 19, 2021

Hon. Gonzalo P. Curiel
United States District Judge