UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAETAN PELLETIER,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE; ROSEMARY TRIZZINO; CHIA CHANG AND KEITH KAWAMOTO,<br><br>  Defendants. | Case No.: 20cv1805-GPC(DEB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY AUDITS UNTIL PENDING CASE HAS BEEN ADJUDICATED AND DIRECTING DEFENDANTS TO ANSWER QUESTIONS**<br><br>**[Dkt. No. 28.]** |

   Before the Court is Plaintiff's motion to stay the IRS audits until the pending case has been adjudicated and seeks a court order directing the IRS to provide answers to questions attached to his motion. (Dkt. No. 28.) Defendants United States of America and Internal Revenue Service filed an opposition. (Dkt. No. 31.) No reply was filed by Plaintiff. Based on the reasoning below, the Court DENIES Plaintiff's motion to stay the IRS audits and directing the IRS to answer questions.

   On September 14, 2020, Plaintiff Gaetan Pelletier ("Plaintiff" or "Pelletier") proceeding pro se, filed a complaint against Defendants United States of America and the Internal Revenue Service ("IRS"). (Dkt. No. 1, Compl.) He then filed a first amended complaint ("FAC") on October 5, 2020 adding individual named defendants Rosemary

Trizzino ("Trizzino"), Keith Kawamoto ("Kawamoto"), and Chia Chang ("Chang") (collectively "Defendants"), employees of the IRS involved in the tax audit of Plaintiff. (Dkt. No. 4.)

The FAC alleges that the IRS is conducting a tax audit of Plaintiff and his wife's personal 1040 tax years for 2015-2018 which is in violation of the Taxpayers Bill of Rights of 1987 and a number of statutory violations. (Dkt. No. 4, FAC ¶¶ 1-2.) He maintains Chang, Kawamoto and Trizzino, three employees of the IRS, who were involved in his audit, violated their fiduciary duties giving rise to a contract or implied contract which is the Constitution. (*Id.* ¶ 2.) The FAC alleges breach of contract against all defendants except Chang, (*id.* ¶¶ 39-43); breach of fiduciary implied contract against all defendants except the IRS, (*id.* ¶¶ 44-47); negligence against all defendants, (*id.* ¶¶ 48-52); emotional distress against Chang, Kawamoto and Trizzino, (*id*. ¶¶ 53-58); civil conspiracy against Chang, Kawamoto and Trizzino, (*id.* ¶¶ 59-64); and declaratory judgment, (*id.* ¶¶ 65-71). Plaintiff seeks injunctive and declaratory relief as well as monetary damages. (*Id.* at 23, 24.[1])

On November 3, 2020, Plaintiff filed a request for entry of default against Chang, Kawamoto and Trizzino which the Clerk of Court granted. (Dkt. Nos. 9, 10.) Subsequently, Plaintiff filed a motion for default judgment and Defendants filed a motion to set aside the default. (Dkt. Nos. 12, 15.) On January 19, 2021, the Court granted Defendants' motion to set aside default and denied Plaintiff's motion for default judgment. (Dkt. No. 28.) The Court concluded that Defendants were not properly served under Federal Rule of Civil Procedure 4 and directed Plaintiff to serve Defendants in accordance with Rule 4 within 20 days of the Court's order or February 8, 2021. (*Id.* at 5-7, 9.)

---

[1] Page numbers are based on the CM/ECF pagination.

The docket does not reflect that Defendants have been served. In response to the Court's briefing schedule on Plaintiff's motion, Defendants filed an opposition and assert that they had not yet been served. (Dkt. No. 31.)

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982)). Here, because Defendants have not been served, the Court does not have jurisdiction over Defendants. *See id*. Thus, the Court DENIES Plaintiff's motion to stay the IRS audit pending an adjudication of the pending case and order compelling Defendants to answer questions. The Court **VACATES** the hearing set on March 19, 2021.

IT IS SO ORDERED.

Dated: March 15, 2021

Hon. Gonzalo P. Curiel
United States District Judge