UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAETAN PELLETIER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-1805-GPC-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEUDRE 41(A)(2) AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>**[Dkt. Nos. 33, 35]** |

Before the Court is Plaintiff's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (Dkt. No. 35.) On June 9, 2021, Defendant United States of America ("Defendant") filed a response. (Dkt. No. 38.) Before the Court is also Defendant's motion to dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6). (Dkt. No. 33.) On June 3, 2021, Plaintiff filed an opposition. (Dkt. No. 37.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). Based on the reasoning below, the Court GRANTS Plaintiff's motion to dismiss without prejudice and DENIES Defendants' motion to dismiss as MOOT.

/ / /

1

# Background

On September 14, 2020, Plaintiff Gaetan Pelletier ("Plaintiff") proceeding pro se, filed a complaint against Defendants United States of America and the Internal Revenue Service ("IRS"). (Dkt. No. 1, Compl.) He then filed a first amended complaint ("FAC") on October 5, 2020 adding individual named defendants Rosemary Trizzino ("Trizzino"), Keith Kawamoto ("Kawamoto"), and Chia Chang ("Chang"), employees of the IRS involved in the tax audit of Plaintiff and his wife. (Dkt. No. 4, FAC.) The FAC alleges the IRS' tax audit of Plaintiff and his wife's personal 1040 tax years for 2015-2018 is in violation of the Taxpayers Bill of Rights of 1987 and a number of statutory violations. (Dkt. No. 4, FAC ¶¶ 1-2.) He maintains Chang, Kawamoto and Trizzino, three employees of the IRS, who were involved in his audit, violated their fiduciary duties giving rise to a contract or implied contract which is the Constitution. (*Id.* ¶ 2.) The FAC alleges breach of contract against all defendants except Chang, (*id.* ¶¶ 39-43); breach of fiduciary implied contract against all defendants except the IRS, (*id.* ¶¶ 44-47); negligence against all defendants, (*id.* ¶¶ 48-52); emotional distress against Chang, Kawamoto and Trizzino, (*id.* ¶¶ 53-58); civil conspiracy against Chang, Kawamoto and Trizzino, *(id.* ¶¶ 59-64); and declaratory judgment, (*id.* ¶¶ 65-71). Plaintiff seeks injunctive and declaratory relief as well as monetary damages. (*Id.* at 23, 24.[1])

On January 19, 2021, the Court granted Defendants' motion to set aside entry of default and denied Plaintiff's motion for default judgment as moot. (Dkt. No. 29.) In its order, the Court noted that Plaintiff had improperly served the summons and the complaint and directed Plaintiff to serve Defendants within 20 days of the Court's order. (*Id.* at 7, 9.) The docket does not reflect that Defendants have been served.

---

[1] Page numbers are based on the CM/ECF pagination.

On May 17, 2021, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process. (Dkt. No. 33.) On June 3, 2021, Plaintiff filed an opposition indicating that their motion is moot because he filed a Rule 41(a)(2) dismissal motion. (Dkt. No. 37.) On May 28, 2021, Plaintiff filed a motion to dismiss his case without prejudice pursuant to Rule 41(a)(2). (Dkt. No. 35.) On June 9, 2021, Defendants filed an opposition to Plaintiff's Rule 41(a)(2) motion to dismiss arguing the Court should dismiss the case with prejudice. (Dkt. No. 38.)

**Discussion**

**A.    Federal Rule of Civil Procedure 41(a)(2)**

Plaintiff seeks to voluntarily dismiss his action against Defendants under Rule 41(a)(2). (Dkt. No. 35.) Defendant opposes the motion to the extent that Plaintiff seeks a dismissal without prejudice, and requests that the Court only grant the motion with prejudice. (Dkt. No. 38.)

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. *Id.* Under Rule 41(a)(2), the Court must make three separate determinations: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)).

**1. Whether To Allow Dismissal**

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."

*Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (internal quotation marks omitted). "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (internal quotation marks omitted); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice.").

Here, Defendants do not dispute dismissal but argue they will be prejudiced because Plaintiff may file another action if he no longer likes what is happening during the audit. (Dkt. No. 38 at 2.) However, the threat of future litigation does not constitute plain legal prejudice. *See Smith*, 263 F.3d at 975. Thus, the Court grants Plaintiff's request for dismissal.

### 2. Whether the Dismissal Should be With or Without Prejudice

Plaintiff seeks a dismissal without prejudice while Defendant seeks a dismissal with prejudice. (Dkt. No. 35; Dkt. No. 38.)

Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette*, 828 F. Supp. at 1443. Factors that may be considered in determining whether a dismissal should be with or without prejudice include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443-44 (internal quotation marks omitted).

Here, since Defendants have not yet been served, the case is still in its initial stages and Defendants have not exerted extensive efforts or expenses in defending the case.

Moreover, Plaintiff has been diligent in prosecuting the action as he sought entry of default and default judgment, although improperly, when he thought Defendants had failed to respond to his complaint. Finally, Plaintiff provides an explanation for his request for dismissal explaining that "[t]he issue of greatest concern in the Amended Complaint has been resolved" because he has now been assigned a newly appointed IRS agent who is more seasoned and recent documents show he may financially benefit from this audit. (Dkt. No. 35 at 4.) These factors do not demonstrate Defendants have been prejudiced or would be prejudiced if Plaintiff were to refile his action. Accordingly, the Court dismisses the FAC without prejudice.

### 3. Whether Conditions Should be Imposed

Neither party has addressed this factor. Rule 41(d) provides that "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). Rule 41(d)'s purpose is to deter vexatious litigation and forum shopping as well as to compensate the defendant for the unnecessary expense of defending against the plaintiff's litigation. *Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*, No. 07–00007DAE–KSC, 2007 WL 2320672, at *2 (D. Haw. Aug. 10, 2007).

At this time, the Court declines to impose any conditions as Defendants have not sought any and because this case is in its early stages. However, in the event Plaintiff files another lawsuit against Defendants based on claims similar or identical to the FAC, the Court may, at that time, upon motion, impose conditions prior to allowing Plaintiff to pursue a subsequent complaint.

Accordingly, based on these reasons, the Court GRANTS Plaintiff's motion to dismiss pursuant to Rule 41(a)(2) without prejudice.

While Defendants ask the Court to consider the merits of their motion to dismiss the FAC and dismiss the FAC with prejudice, it has not provided any legal authority that such dismissal is appropriate under Rule 41(a)(2). Moreover, because Defendants have not yet been served with the FAC, as they allege, the Court concludes that it has no personal jurisdiction over them. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.")). Thus, the Court declines to rule on Defendants' motion to dismiss. Because the Court GRANTS Plaintiff's Rule 41(a)(2) motion to dismiss, the Court DENIES Defendants' motion to dismiss as moot.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion to dismiss the FAC without prejudice pursuant to Rule 41(a)(2) and DENIES Defendant's motion to dismiss as MOOT. The hearing set on August 6, 2021 shall be **vacated.**

**IT IS SO ORDERED.**

Dated: July 8, 2021

Hon. Gonzalo P. Curiel
United States District Judge